IN THE IOWA DISTRICT COURT IN AND FOR LINN COUNTY

| | |
|---|---|
| F & M BANK, as Temporary Administrator of the ESTATE OF LINDA L. ST. JOHN, DARLA GEIN, ROBERT ST. JOHN, and JOHN FEDDERSEN,<br><br>Plaintiffs,<br><br>vs.<br><br>ZACHARY SCHEMMING, T.J. POTTER TRUCKING, INC., GRINNELL SELECT INSURANCE COMPANY, and LIBERTY MUTUAL FIRE INSURANCE COMPANY,<br><br>Defendants. | LAW NO.<br><br>**PETITION AT LAW AND JURY DEMAND** |

Plaintiffs, for their cause of action against Defendants, state as follows:

## COMMON ALLEGATIONS

1. Linda L. St. John died on January 11, 2023.

2. Plaintiff F & M Bank is the duly appointed temporary Administrator of the Estate of Linda L. St. John.

3. At all times material hereto, Linda L. St. John was a resident of Stanwood, Cedar County, Iowa.

4. At all times material hereto, Plaintiff Darla Gein was a resident of Greer, Spartanburg, South Carolina.

5. At all times material hereto, Plaintiff Robert St. John was a resident of Odenton, Anne Arundel County, Maryland.

6. At all times material hereto, Plaintiff John Feddersen was a resident of Stanwood, Cedar County, Iowa.

7. At all times material hereto, Defendant Zachary Schemming was a resident of Racine, Racine County, Wisconsin.

8. At all times material hereto, Defendant T.J. Potter Trucking, Inc. (USDOT Number 303391) (hereinafter "T.J. Potter") was a corporation doing business in the state of Iowa with its principal place of business located in Becker, Sherburne County, Minnesota.

9. At all times material hereto, Defendant Grinnell Select Insurance Company (hereinafter "Grinnell") was an insurance company doing business in the state of Iowa.

10. At all times material hereto, Defendant Liberty Mutual Fire Insurance Company (hereinafter "Liberty Mutual") was an insurance company doing business in the state of Iowa.

11. At all times material hereto, upon information and belief, Defendant Zachary Schemming was an agent of Defendant T.J. Potter, acting with actual or apparent authority.

12. At all times material hereto, upon information and belief, Defendant Zachary Schemming was an employee of Defendant T.J. Potter, acting in the course and scope of his employment.

13. At all times material hereto, Linda L. St. John was the operator of a 2013 Buick LaCrosse bearing Iowa license plate number CR251.

14. At all times material hereto, Defendant T.J. Potter was the owner of a 2009 Kenworth semi-tractor bearing Minnesota license plate number PAS4292 and 2023 semi-trailer bearing New Jersey license plate number MDEX05.

15. At all times material hereto, Defendant Zachary Schemming was operating the aforementioned semi-tractor and trailer with the knowledge and consent of its owner, Defendant T.J. Potter.

16. On or about January 11, 2023, at approximately 2:16 p.m., Linda L. St. John was in the southbound turn lane of East Post Road at the intersection of Highway 100 and East Post Road

in Marion, Linn County, Iowa and was turning left onto eastbound Highway 100.

17. At the same time and place, Defendant Zachary Schemming was driving westbound on Highway 100 at the intersection of Highway 100 and East Post Road in Marion, Linn County, Iowa.

18. At the same time and place, Defendant Zachary Schemming failed to stop for a red stop light and collided with the driver's side of Linda L. St. John's vehicle.

19. Linda L. St. John suffered injuries, damages, and death as a result of the collision.

20. Defendant Zachary Schemming was generally and specifically negligent in the operation of the semi-tractor and trailer described in paragraph fourteen (14), including but not limited to the following particulars:

    a. Failure to obey a traffic control device;

    b. Failure to maintain control;

    c. Failure to maintain a proper lookout;

    d. Failure to act as a reasonable driver under the circumstances;

    e. Failure to comply with Federal Motor Carrier Safety Regulations regarding unsafe driving;

    f. Failure to comply with Federal Motor Carrier Safety Regulations regarding vehicle maintenance;

    g. Failure to comply with Federal Motor Carrier Safety Regulations regarding driver fitness; and

    h. Other manners which may become known through the course of discovery.

21. Defendant Zachary Schemming's negligence was a cause of the collision in which Linda L. St. John was injured and killed.

22. The amount in controversy exceeds jurisdictional minimums.

## DIVISION I – DEFENDANT ZACHARY SCHEMMING

### Count I – Negligence

Plaintiff F & M Bank, as temporary Administrator of the Estate of Linda L. St. John, for its cause of action against Defendant Zachary Schemming, states as follows:

23. Plaintiff repleads paragraphs 1 through 22 as if fully set forth herein.

24. Defendant Zachary Schemming's negligence was a cause of the collision with Linda L. St. John's vehicle.

25. Defendant Zachary Schemming's negligence was a cause of Linda L. St. John's injuries, premature death, and damages.

26. As a result of Defendant Zachary Schemming's negligence, Plaintiffs have suffered and will in the future continue to suffer injuries and damages.

27. Plaintiff F & M Bank, as temporary Administrator of the Estate of Linda L. St. John, is entitled to recover damages as follow:

   a. Past medical expenses;

   b. Past and future loss of consortium;

   c. Pre-death pain and suffering;

   d. The present worth or value of the estate that would reasonably be expected to have been saved and accumulated as a result of Linda L. St. John's efforts between the time of her premature death and the end of her natural life, had she lived;

   e. Funeral and burial expenses as well as interest on the cost of the funeral and burial of Linda L. St. John for the period between the date of her premature death and the date on which she would have been expected to die;

   f. Punitive damages; and

g.  Other such damages as may arise through the course of discovery.

WHEREFORE, Plaintiff F & M Bank, as temporary Administrator of the Estate of Linda L. St. John, prays for judgment against Defendant Zachary Schemming in an amount that will fully, fairly, and adequately compensate Plaintiffs for the injuries and damages resulting from this collision, together with interest as provided for by law, the costs of this action, and such other and further relief as is just.

## Count II – Consortium

Plaintiffs Darla Gein, Robert St. John, and John Feddersen, for their cause of action against Defendant Zachary Schemming, state as follows:

28. Plaintiffs replead paragraphs 1 through 27 as if fully set forth herein.

29. At all times material hereto, Linda L. St. John and John Fedderson were living together as common law husband and wife.

30. At all times material hereto, Plaintiffs Darla Gein and Robert St. John were the natural children of Linda L. St. John.

31. As a result of Defendant Zachary Schemming's negligence, Plaintiff John Feddersen has suffered and will in the future continue to suffer loss of services, support, companionship, and society of Linda L. St. John, his common law wife.

32. As a result of Defendant Zachary Schemming's negligence, Plaintiffs Darla Gein and Robert St. John have suffered and will in the future continue to suffer loss of services, support, companionship, and society of Linda L. St. John, their mother.

WHEREFORE, Plaintiffs Darla Gein, Robert St. John, and John Feddersen pray for judgment against Defendant Zachary Schemming in an amount that will fully, fairly, and adequately compensate them for the injuries and damages resulting from this collision, together with interest as provided for by law, the costs of this action, and such other and further relief as is just.

## DIVISION II – T.J. POTTER

### Count III – Vicarious Liability

Plaintiff F & M Bank, as temporary Administrator of the Estate of Linda L. St. John, for its cause of action against Defendant T.J. Potter, states as follows:

33. Plaintiff repleads paragraphs 1 through 32 as if fully set forth herein.

34. Defendant T.J. Potter is liable for the negligence of Defendant Zachary Schemming, and the resulting damages, as set forth in Counts I and II, pursuant to Iowa Code Section 321.493.

35. Defendant T.J. Potter is liable for the negligence of Defendant Zachary Schemming, and the resulting damages, as set forth in Counts I and II, pursuant to the common law of *respondeat superior*.

36. Defendant T.J. Potter is liable for the negligence of Defendant Zachary Schemming, and the resulting damages, as set forth in Counts I and II, due to Defendant T.J. Potter's principal-agent relationship with Defendant Zachary Schemming.

WHEREFORE, Plaintiff F & M Bank, as temporary Administrator of the Estate of Linda L. St. John, prays for judgment against Defendant T.J. Potter, in an amount that will fully, fairly, and adequately compensate Plaintiffs for the injuries and damages resulting from this collision, together with interest as provided for by law, and the costs of this action.

### Count IV – Negligence

Plaintiff F & M Bank, as temporary Administrator of the Estate of Linda L. St. John, for its cause of action against Defendant T.J. Potter, states as follows:

37. Plaintiff repleads paragraphs 1 through 36 as if fully set forth herein.

38. Defendant T.J. Potter was generally negligent and specifically negligent in its relationship with Defendant Zachary Schemming and with respect to the semi-tractor and trailer Defendant Zachary Schemming was operating at the time of the collision at issue in this case,

including but not limited to the following particulars:

    a. failure to hire competent potential drivers;

    b. failure to choose competent potential drivers to act on its behalf;

    c. failure to properly train potential drivers;

    d. failure to supervise the training of potential drivers;

    e. failure to supervise the actions of drivers under its employ and/or acting on its behalf;

    f. retention of unfit potential drivers;

    g. maintenance of agency relationships with unfit drivers;

    h. failure to comply with Federal Motor Carrier Safety Regulations regarding unsafe driving;

    i. failure to comply with Federal Motor Carrier Safety Regulations regarding vehicle maintenance;

    j. failure to comply with Federal Motor Carrier Safety Regulations regarding driver fitness; and

    k. other manners which may become known through the course of discovery.

39. Defendant T.J. Potter's negligence was a cause of the collision with Linda L. St. John's vehicle.

40. Defendant T.J. Potter's negligence was a cause of Linda L. St. John's injuries, premature death, and damages.

41. As a result of Defendant T.J. Potter's negligence, Plaintiffs have suffered and will in the future continue to suffer injuries and damages.

42. Plaintiff F & M Bank, as temporary Administrator of the Estate of Linda L. St. John is entitled to recover damages as follow:

    a. Past medical expenses;

    b. Past and future loss of consortium;

    c. Pre-death pain and suffering;

    d. The present worth or value of the estate that would reasonably be expected to have been saved and accumulated as a result of Linda L. St. John's efforts between the time of her premature death and the end of her natural life, had she lived;

    e. Funeral and burial expenses as well as interest on the cost of the funeral and burial of Linda L. St. John for the period between the date of her premature death and the date on which she would have been expected to die;

    f. Punitive damages; and

    g. Other such damages as may arise through the course of discovery.

WHEREFORE, Plaintiff F & M Bank, as temporary Administrator of the Estate of Linda L. St. John, prays for judgment against Defendant T. J. Potter in an amount that will fully, fairly, and adequately compensate Plaintiffs for the injuries and damages resulting from this collision, together with interest as provided for by law, the costs of this action, and such other and further relief as is just.

### Count V – Consortium

Plaintiffs Darla Gein, Robert St. John, and John Feddersen, for their cause of action against Defendant T.J. Potter, state as follows:

43. Plaintiffs replead paragraphs 1 through 42 as if fully set forth herein.

44. As a result of Defendant T.J. Potter's negligence, Plaintiff John Feddersen has suffered and will in the future continue to suffer loss of services, support, companionship, and society of Linda L. St. John, his common law wife.

45. As a result of T.J. Potter's negligence, Plaintiffs Darla Gein and Robert St. John have suffered and will in the future continue to suffer loss of services, support, companionship, and society of Linda L. St. John, their mother.

WHEREFORE, Plaintiffs Darla Gein, Robert St. John, and John Feddersen pray for judgment against Defendant T.J. Potter in an amount that will fully, fairly, and adequately compensate them for the injuries and damages resulting from this collision, together with interest as provided for by law, the costs of this action, and such other and further relief as is just.

### DIVISION III – GRINNELL

**COUNT VI– Underinsured and/or Uninsured Motorist Coverage**

Plaintiffs F & M Bank, as temporary Administrator of the Estate of Linda L. St. John, Darla Gein, Robert St. John, and John Feddersen, for their cause of action against Defendant Grinnell, state as follows:

46. Plaintiffs replead paragraphs 1 through 45 as if fully set forth herein.

47. Upon information and belief, Defendants Zachary Schemming and T. J. Potter do not have assets or insurance sufficient to adequately compensate Plaintiffs.

48. Plaintiffs and/or Linda L. St. John entered into a contract of insurance with Defendant Grinnell.

49. At all times material hereto, Plaintiffs and/or Linda L. St. John were insureds under a Grinnell policy, which included underinsured and/or uninsured motorist coverage.

WHEREFORE, Plaintiffs F & M Bank, as temporary Administrator of the Estate of Linda L. St. John, Darla Gein, Robert St. John, and John Feddersen pray for judgment against Defendant Grinnell in an amount that will fully, fairly, and adequately compensate them for the injuries and damages resulting from this collision, together with interest as provided for by law, the costs of this action, and such other and further relief as is just.

## DIVISION IV – LIBERTY MUTUAL

### COUNT VII– Underinsured and/or Uninsured Motorist Coverage

Plaintiffs F & M Bank, as temporary Administrator of the Estate of Linda L. St. John, Darla Gein, Robert St. John, and John Feddersen, for their cause of action against Defendant Liberty Mutual, state as follows:

50. Plaintiffs replead paragraphs 1 through 49 as if fully set forth herein.

51. Upon information and belief, Defendants Zachary Schemming and T.J. Potter do not have assets or insurance sufficient to adequately compensate Plaintiffs.

52. Plaintiffs and/or Linda L. St. John entered into a contract of insurance with Defendant Liberty Mutual.

53. At all times material hereto, Plaintiffs and/or Linda L. St. John were insureds under a Liberty Mutual policy, which included underinsured and/or uninsured motorist coverage.

WHEREFORE, Plaintiffs F & M Bank, as temporary Administrator of the Estate of Linda L. St. John, Darla Gein, Robert St. John, and John Feddersen pray for judgment against Defendant Liberty Mutual in an amount that will fully, fairly, and adequately compensate them for the injuries and damages resulting from this collision, together with interest as provided for by law, the costs of this action, and such other and further relief as is just.

### JURY DEMAND

Plaintiffs request a jury trial on all issues triable to a jury.


*/s/ Tim Semelroth*
TIM SEMELROTH   AT0007057


*/s/ Josh Christensen*
JOSH CHRISTENSEN   AT0011204

RSH LEGAL
425 Second Street SE, Suite 1140
Cedar Rapids, IA  52401
Phone: (319) 365-9200
Fax:     (319) 365-1114
tsemelroth@fightingforfairness.com
jchristensen@fightingforfairness.com

ATTORNEYS FOR PLAINTIFFS