# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| F&M BANK, as agent of Temporary Administrator for the Estate of Linda L. St. John, DARLA GEIN, ROBERT ST. JOHN, JOHN FEDDERSEN,<br><br>Plaintiffs,<br><br>vs.<br><br>ZACHARY SCHEMMING, T.J. POTTER TRUCKING, INC., GRINNELL SELECT INSURANCE COMPANY, and LIBERTY MUTUAL FIRE INSURANCE COMPANY,<br><br>Defendants. | No. 23-cv-105-CJW<br><br>**REPORT AND RECOMMENDATION TO REMAND TO STATE COURT** |

_____

Before the Court on its own motion is the issue of jurisdiction. "Federal courts are courts of limited jurisdiction. The requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception." *Kessler v. Nat'l Enter., Inc.*, 347 F.3d 1076, 1081 (8th Cir. 2003) (quoting *Godfrey v. Pulitzer Pub. Co.*, 161 F.3d 1137, 1141 (8th Cir. 1998)). Even if the parties do not dispute the existence of subject-matter jurisdiction, a court may not preside over a case without it. *See Crawford v. F. Hoffman-La Roche Ltd.*, 267 F.3d 760, 764 (8th Cir. 2001) ("It is axiomatic that a court may not proceed at all in a case unless it has jurisdiction."). A court "may, at any time, raise the issue of subject matter jurisdiction." *GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 828 (8th Cir. 2004). In fact, every federal court "has a

1

special obligation to consider its own jurisdiction" and raise sua sponte jurisdictional issues "when there is an indication that jurisdiction is lacking, even if the parties concede the issue." *Thomas v. Basham*, 931 F.2d 521, 522-23 (8th Cir. 1991); *see also Hart v. United States*, 630 F.3d 1085, 1089 (8th Cir. 2011) (providing that federal courts have a responsibility to consider whether subject matter jurisdiction may be lacking).

## I. PROCEDURAL BACKGROUND

On June 20, 2023, Plaintiffs, F&M Bank, as Temporary Administrator of the Estate of Linda L. St. John, Darla Gein, Robert St. John, and John Feddersen (collectively, "Plaintiffs"), filed a Petition at Law and Jury Demand in the Iowa District Court for Linn County. (Doc. 2.) This case arises from an automobile accident involving the decedent, Linda St. John, and Defendant Zachary Schemming, a truck driver and employee of T.J. Potter Trucking, Inc. ("Potter Trucking"). Plaintiffs allege negligence (Count I) and loss of consortium (Count II) against Schemming, vicarious liability (Count III), negligence (Count IV), and loss of consortium (Count V) against Potter Trucking, underinsured and/or uninsured motorist coverage (Count VI) against Grinnell Select Insurance Company ("Grinnell Select"), and underinsured and/or uninsured motorist coverage (Count VII) against Liberty Mutual Fire Insurance Company ("Liberty Mutual"). (Doc. 2.)

On November 30, 2023, Defendants Schemming and Potter Trucking filed a Notice of Removal, bringing this matter before this Court. (Doc. 1.) In the Notice of Removal, Schemming and Potter Trucking assert that "[t]his court has jurisdiction over this matter pursuant to 28 U.S.C. [Section] 1332(a) because, with the claims against the UIM Carriers[1] severed, there is complete diversity of citizenship between the remaining

---

[1] "UIM Carriers" refers to Defendants Grinnell Select and Liberty Mutual as the uninsured/underinsured motorist insurance carriers in this case.

2

parties and more than $75,000, exclusive of interest and costs, is in issue." (*Id.* at 2.) Schemming and Potter Trucking maintain that:

> There is complete diversity of citizenship because all Plaintiffs and Defendants are citizens of different states. Decedent Linda L. St. John was a resident of Stanwood, Cedar County Iowa. . . . Plaintiff F&M Bank, as Temporary Administrator of the Estate of Linda L. St. John is, therefore, deemed a citizen of Iowa. 28 U.S. Code § 1332(c)(2) ("the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent"). Plaintiff Darla Gein is a resident of Greer, Spartanburg County, South Carolina. . . . Plaintiff Robert St. John is a resident of Odenton, Anne Arundel County, Maryland. . . . Plaintiff John Feddersen is a resident of Stanwood, Cedar County, Iowa. . . . Schemming is a resident of Racine, Racine County, Wisconsin. . . . T.J. Potter [Trucking, Inc.] is incorporated in the state of Minnesota and has its principal place of business in Becker, Sherburne County, Minnesota. . . .

(*Id.* at 3.) Schemming and Potter Trucking note that "[p]rior to the severing of the claims against the UIM Carriers by [Iowa state] court order on November 20, 2023, the case was not removable because one of the UIM Carriers, Grinnell [Select], is a citizen of the state of Iowa and, therefore, complete diversity did not exist."[2] (*Id.* at 4.)

---

[2] Neither the Notice of Removal nor the Petition explicitly states the citizenship of Grinnell Select and Liberty Mutual or where either Defendant is incorporated and has its principal place of business. The Notice of Removal implies that Grinnell Select "is a citizen of Iowa." (Doc. 1 at 4.) The Court's own research indicates that Grinnell Select is incorporated in the State of Iowa and has its principal place of business in Grinnell, Iowa. None of the parties have suggested Grinnell Select is not a citizen of Iowa and its Rule 7.1 Disclosure Statement represents it is "Iowa for profit insurance company." (Doc. 11.) The Court has been unable to satisfactorily determine Liberty Mutual's citizenship. Furthermore, in their briefing on the issue of jurisdiction, none of the parties addressed Liberty Mutual's citizenship. However, a proper determination of Liberty Mutual's citizenship is unnecessary for resolution of this matter. If any of the defendants is not diverse, as Grinnell Select appears to be, Liberty Mutual's citizenship is immaterial to the outcome.

3

On October 31, 2023, in state court, Schemming and Potter Trucking filed a motion to sever. In their motion, Schemming and Potter Trucking asserted that, "[i]f Grinnell [Select] and Liberty Mutual remain named parties, the jury will know of the existence of insurance, which could result in prejudice to all defendants by influencing the jurors and increasing any potential damage verdict." https://www.iowacourts.state.ia.us/ESAWebApp/DownloadFiling (Defendants' Motion to Sever in Iowa District Court for Linn County, Case No. LACV102563, October 31, 2023). Schemming and Potter Trucking maintained that "[s]evering the insurance carriers from the underlying accident case is an appropriate method of avoiding this potential prejudice." (*Id.*) (citing *Handley v. Farm Bureau Mut. Ins. Co.*, 467 N.W.2d 247 (Iowa 1991)). Schemming and Potter Trucking requested that the Iowa district court: "(1) sever the claim against Grinnell Select Insurance Company and Liberty Mutual Fire Insurance Company, (2) allow discovery to proceed jointly and (3) provide for a date for a trial of the Plaintiff's UIM claim against Grinnell [Select] and Liberty Mutual following the trial against Schemming and T.J. Potter [Trucking, Inc.]" (*Id.*) On November 20, 2023, the Iowa district court granted Schemming's and Potter Trucking's motion to sever. The Iowa district court ordered:

> Plaintiffs' claims against Defendants, Grinnell Select Insurance Company and Liberty Mutual Fire Insurance Company, shall be severed from the liability claims of Defendants Zachary Schemming and T.J. Potter Trucking, Inc. and shall be separately scheduled for trial, if necessary, following trial on the liability claims. Defendants Grinnell Select Insurance Company and Liberty Mutual Fire Insurance Company shall be bound by any verdict rendered against the underlying tortfeasor, subject to all applicable insurance policy conditions. Participation in all aspects of discovery by all parties shall be unaffected by the Motion and Order regarding the severance of claims. If the underlying suit against the tortfeasors settles more than 60 days prior to the trial date set for that action and Grinnell Select Insurance Company and Liberty Mutual Fire Insurance Company are notified of the settlement within that time, the trial of the

4

Case 1:23-cv-00105-CJW-MAR    Document 18    Filed 02/29/24    Page 4 of 16

> underinsured motorist claim shall proceed on that trial date. If the underlying suit against the tortfeasor settles less than 60 days prior to the trial date set for that action, a trial scheduling conference will be held between the remaining parties and Court Administration will set a new trial date for the underinsured motorist claim.

https://www.iowacourts.state.ia.us/ESAWebApp/DownloadFiling (Order Re Severance of Trial filed in Iowa District Court for Linn County, Case No. LACV102563, November 20, 2023).

On November 30, 2023, the date this case was removed to this Court, Grinnell Select filed an Answer. (Doc. 4.) On the same date, Liberty Mutual also filed an Answer. (Doc. 5.) Schemming and Potter Trucking filed an Amended Answer on November 30, 2023. (Doc. 7.) Additionally, on January 2, 2024, Grinnell Select filed a Corporate Disclosure Statement. (Doc. 11.) Similarly, Liberty Mutual filed a Corporate Disclosure Statement on January 5, 2024. (Doc. 12.) On February 1, 2024, I filed an Order raising concerns regarding whether this matter is properly before this Court on diversity jurisdiction and ordered the parties to "each file a brief, including citation to appropriate authorities, regarding their position on whether this matter is appropriately before the Court based on subject matter jurisdiction, that is properly removed based on diversity of citizenship." (Doc. 14 at 8.) On February 21, 2024, Plaintiffs filed a Brief in Response to the Court's Order (Doc. 15), Defendants Schemming and Potter Trucking filed a Brief in Response to the Court's Order (Doc. 16), and Defendant Liberty Mutual filed a Brief Regarding Subject Matter Jurisdiction. (Doc. 17.) Grinnell Select did not file a brief. However, the jurisdictional issue before the Court may be resolved without briefing from Grinnell Select.

## II. ANALYSIS

At the outset, I must determine whether a magistrate judge has the authority to remand an improperly removed case to state court. "Most district courts to have

5

Case 1:23-cv-00105-CJW-MAR    Document 18    Filed 02/29/24    Page 5 of 16

considered this issue have found remand to be within a magistrate judge's authority under 28 U.S.C. § 636(b)(1)(A)." *Meier v. Premier Wine & Spirits, Inc.*, 371 F.Supp.2d 239, 241 (E.D.N.Y. 2005) (collecting cases). However, "every appellate court that has weighed the issue has determined a remand to be the functional equivalent of a dispositive order, and therefore beyond a magistrate judge's authority under 28 U.S.C. § 636(b)(1)(A)." *Id*. at 242 (citing *Vogel v. U.S. Office Prods. Co.*, 258 F.3d 509, 515-15 (6th Cir. 2001), *First Union Mortgage Corp. v. Smith*, 229 F.3d 992, 997 (10th Cir. 2000), *In re U.S. Healthcare*, 159 F.3d 142, 145-46 (3d Cir. 1998)). In *Johnson v. Tyson Fresh Meats, Inc.*, No. C-06-1002-LRR, 2006 WL 1004970 (N.D. Iowa Apr. 17, 2006), following *Vogel*, *First Union Mortgage Corp.*, and *In re U.S. Healthcare*, the district court held that "magistrate judges do not have authority to remand cases to state courts." *Id*. at *1. Because both the appellate courts that have addressed this issue and this Court have determined that magistrate judges do not have the authority to remand cases to state courts, I will proceed with a report and recommendation on the issue of jurisdiction.

In response to the briefing that I ordered on February 1, 2024, *see* Doc. 14, Grinnell Select did not file a brief and therefore waives any argument on the issue of jurisdiction. Liberty Mutual filed a brief stating that it "takes no position regarding whether this case is appropriately before the Court based on subject matter jurisdiction, that is properly removed based on diversity of citizenship." (Doc. 17 at 1.) In their brief, Plaintiffs state that "[t]he terms of the [state district court] order [regarding the motion to sever] seem to suggest that the severed claims do not stand on their own but are component parts of a single overarching action, consistent with it being a separate-trial order under [Iowa Rule of Civil Procedure] 1.914" and "[i]t is possible the State Court merely severed the claims for separate trial rather than creating separate removable actions." (Doc. 15 at 4-5.)

6

Schemming and Potter Trucking acknowledge that they "have found no case law contradicting the reasoning of the case relied on by the Court, *Rosario v. Hartford Fire Ins. Co.*, No. 1:19-cv-13328-NLJ-KMW, 2020 WL 1061094 (D.N.J. Mar. 4, 2020)."[3] (Doc. 16 at 1.) Schemming and Potter Trucking argue, however, that the present case "presents a unique circumstance distinguishable from what was before the U.S. District Court for the District of New Jersey in *Rosario*." (*Id.*) Schemming and Potter Trucking contend that unlike the state courts in New Jersey, "the state courts in Iowa do not have separate divisions for law and chancery." (*Id.* at 2.) Schemming and Potter Trucking also claim, based on *Handley v. Farm Bureau Mut. Ins. Co.*, 467 N.W.2d 247 (Iowa 1991), that "the claims against the UIM insurers here are separate and distinct from the claims against Defendants." (*Id.*) Schemming and Potter Trucking maintain that "claims against a UIM carrier may be severed as a matter of right from the action against a tortfeasor under Iowa law" and "[o]nce severed, these two matters constitute separate actions." (*Id.* at 3.) As will be discussed in much more detail below, Schemming and Potter Trucking misread *Handley* which contemplates the bifurcation of trials under Rule 1.914 for claims against a tortfeasor and claims against an UIM carrier to avoid prejudice, not the creation of separate actions. Additionally, Schemming's and Potter Trucking's attempt to distinguish this case from *Rosario* based on the New Jersey state court system having divisions of law and chancery is misplaced and has no bearing on the outcome of this case or the Court's consideration of *Rosario* as it applies to the issue before the Court.

Iowa Rule of Civil Procedure 1.914 provides that "[i]n any action the court may, for convenience or to avoid prejudice, order a separate trial of any claim, counterclaim, cross-claim, cross-petition, or of any separate issue, or any number of any of them. Any

---

[3] I note that both in the instant order and in my order requiring briefing on the issue of jurisdiction, the Court relied on and continues to rely on cases other than just *Rosario*, the only case Schemming and Potter Trucking attempt to distinguish.

7

claim against a party may be thus severed and proceeded with separately." In the Official Comment to Rule 1.914, it states that "this rule is substantially the same as the federal rule; and that neither affect a right to a single trial as it existed at common law." *Id*. The Official Comment further states that:

> Federal Rule 42(b)[4] allows the court, in furtherance of convenience or to avoid prejudice, to order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue, or of any number of such claims or issues. This procedure should be distinguished from severance under Rule 21. Separate trials will usually result in one judgment, but severed claims become entirely independent actions to be tried, and judgment entered thereon, independently. Unfortunately this distinction, clear enough in theory, is often obscured in practice since at times the courts talk of "separate trial" and "severance" interchangeably.

*Id*.

In *Handley v. Farm Bureau Mut. Ins. Co.*, 467 N.W.2d 247 (Iowa 1991), cited by Defendants in their motion to sever in state court, the Iowa Supreme Court addressed separation of trials under Rule 1.914, formerly Iowa Rule of Civile Procedure 186, in the context of an automobile accident involving a UIM carrier:

> Farm Bureau argues that it will be prejudiced by a probable inflated verdict if plaintiffs' claims against Roiger and Farm Bureau are tried together. Farm Bureau contends that prejudice would result from . . . incit[ing] the jury into an enhanced verdict in the negligence action against Roiger, thereby increasing Farm Bureau's monetary exposure for underinsured motorist benefits.
>
> This court has recognized that evidence of insurance can prejudice defendants . . . by causing jurors to bring in larger damage verdicts than

---

[4] Federal Rule of Civil Procedure 42(b) provides that "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." *Compare* Fed. R. Civ. P. 21, which provides that "[m]isjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party."

they would if they believed the defendant would be required to pay it. *See generally Laguna v. Prouty*, 300 N.W.2d 98, 101 (Iowa 1981). . . .

It is . . . likely that evidence of insurance will cause the jury to return a larger verdict against Roiger then it would have if it were unaware that insurance existed and the amounts thereof. That potential prejudice can be avoided by severing the claims against Farm Bureau for trial from the claim against Roiger.

In this manner, damages will be determined in a trial against Roiger without evidence of insurance being available to the jury. Following the resolution of the damage issue in the trial against Roiger, plaintiffs' claims against Farm Bureau can be adjudicated. By severing the issues in this manner, damages will be determined free from prejudice caused by evidence of Roiger's liability insurance coverage and plaintiffs' underinsured motorist benefits.

We note that at the trial against Farm Bureau there need not be a redetermination of any damages for plaintiffs' claim against Roiger because Farm Bureau has agreed in argument before this court to be bound by the determination of damages in the trial against Roiger. Further, even if Farm Bureau had not agreed to be bound by any damage determination in the trial against Roiger, it still might be precluded from relitigating the issue. *Cf. Hunter v. City of Des Moines*, 300 N.W.2d 121 (Iowa 1981) (issue preclusion possible even without identical parties).

In sum, we conclude the district court abused its discretion when it refused to sever the claims against Farm Bureau for separate trial from the claim against Roiger.

467 N.W.2d at 249-50; *see also Villarreal v. United Fire & Cas. Co.*, 873 N.W.2d 714, 728 (Iowa 2016) (providing that Rule 1.914 authorizes bifurcated trials); *In re Marriage of Thatcher*, 864 N.W.2d 533, 539-40 (Iowa 2015) (providing that Rule 1.914 authorizes trying a case in segments "while entering a final judgment only at the end").

Based on the state court pleadings and the foregoing case law, it appears that Defendants' motion to sever was for the purpose of having separate trials on Plaintiffs'

liability claims against Schemming and Potter Trucking and Plaintiffs' underinsured motorist claims against Grinnell Select and Liberty Mutual. Schemming's and Potter Trucking's motion relied on *Handley*, which interpreted Rule 1.914 and addressed the bifurcation of trials to avoid prejudice. This is exactly what Schemming and Potter Trucking sought in their motion to sever. Furthermore, in granting the motion, the state district court, in addition to separating the trials on the claims against Schemming and Potter Trucking and the claims against Grinnell Select and Liberty Mutual, explained that Grinnell Select and Liberty Mutual "shall be bound by any verdict rendered against the underlying tortfeasor, subject to all applicable insurance policy conditions" and ordered that "[p]articipation in all aspects of discovery by all parties shall be unaffected by the Motion and Order regarding the severance of claims." Thus, the state district court's order on the motion to sever did not create two separate actions, but instead simply ordered separate trials on the claims against Schemming and Potter Trucking and the claims against Grinnell Select and Liberty Mutual. Based on this understanding of the state district court's order on the motion to sever, I find that the state court order for the bifurcation of trials did not create federal jurisdiction based on complete diversity of parties because the state district court's order did not result in two separate actions and Grinnell Select remains as a non-diverse party in this case.

In *Rosario v. Hartford Fire Ins. Co.*, No. 1:19-cv-13328-NLJ-KMW, 2020 WL 1061094 (D.N.J. Mar. 4, 2020), the district court noted that "[i]t appears unsettled . . . whether bifurcated or severed claims may be removed to federal court." *Id*. at *5. The district court addressed the differences between severance and bifurcation, explaining that "[a] 'severance' is '[t]he separation of claims, by the court, of multiple parties either to permit separate actions on each claim or to allow certain interlocutory orders to become final.'" *Id*. (second alteration in original) (quoting *Brown v. Tax Ease Lien Invs., LLC*, 77 F.Supp.3d 598, 603-04 (W.D. Ky. 2015), in turn quoting BLACK'S LAW

10

DICTIONARY 1378 (7th ed. 1999)). The district court emphasized that "'[t]he "separate actions" portion is most instructive: A severance necessarily implies a complete separation to the point of independence. That is, a severance could take one non-removable action and separate it into multiple actions—the final result of each being entirely independent of the other—one of which could be removable.'" *Id*. (quoting *Brown*, 77 F.Supp.3d at 603-04). Further, the district court explained that bifurcation is different:

> [Bifurcation and severance] are two different words used by the bench and bar as terms of art to symbolize two different occurrences . . . 'bifurcation' implies a single action or case that is handled in multiple phases, usually for efficiency or fairness' sake. Though the phases are handled separately, the results are still dependent. For example, when a single case is bifurcated into a trial on liability and a trial on damages, the damages phase becomes moot if the first phase concludes there was no liability. The distinction between separate lawsuits (severance) and separate trials (bifurcation) "exists and is significant. . . . Separate trials will usually result in one judgment, but severed claims become entirely independent actions to be tried, and judgment entered thereon, independently."

*Id*. (alteration in original) (quoting *Brown*, 77 F.Supp.3d at 603-04, in turn quoting *Phillips v. Unijax, Inc.*, 625 F.2d 54, 56 (5th Cir. 1980)). The district court noted that "'[u]nfortunately[,] this distinction, clear enough in theory, is often obscured in practice since at times the courts talk of "separate trial" and severance interchangeably.'" *Id*. (second alteration in original) (quoting *Phillips*, 625 F.2d at 56). The district court noted that some courts have determined that removal of cases that are severed, bifurcated, or transferred in state court are never proper. *Id*. (citing *Concerned Citizens of Caro v. Michigan Ethanol, LLC*, 396 F.Supp.2d 814, 818 (E.D. Mich. 2005)). "Other courts have drawn a more clear distinction between how to treat severed and bifurcated actions, concluding that severed claims creating a new action may be removed, while bifurcated claims that remain part of one, non-removable action may not." *Id*. (citing *Crockett v.*

11

*R.J. Reynolds Tobacco Co.*, 436 F.3d 529 (5th Cir. 2006); *Phillips*, 625 F.2d at 56; *Miller v. Fulton*, 113 F.Supp.2d 1035, 1039 (S.D. Miss. 2000); *Flores-Duenas v. Briones*, No. 13-660, 2013 WL 6503537, at *33 (D.N.M. Dec. 1, 2013)). The district court cautioned, however, "that use of the term 'severance' alone is not necessarily dispositive as to the appropriateness of removal; instead, further inquiry is required." *Id.* at *6 (citing *Vogel v. Merck & Co.*, 476 F.Supp.2d 996, 999-1000 (S.D. Ill. 2007); *Caldwell v. Alfa Ins. Corp.*, 806 F.Supp. 623-24 (S.D. Miss. 1992); *Jacome de Espina v. Jackson*, No. 15-2059, 2015 WL 6122329, at *2 (D. Md. Oct. 14, 2015)).

In *Vogel*, the district court discussed *Johnson v. Snapper Division of Fuqua Industries, Inc.*, 825 F.Supp. 127 (E.D. Tex. 1993) which outlined:

> factors to be considered in evaluating whether a state-court severance order has rendered a case removable in diversity, including: (1) whether the severance "truly create[s] different lawsuits, and not just separate trials in a single lawsuit"; (2) whether a non-diverse party has been removed to federal court together with a diverse defendant and whether the diverse party is participating in the pre-trial proceedings in the federal court, "leading to the conclusion that no true severance has taken place"; and (3) whether the state court severance has "result[ed] in entirely separate actions with separate judgments for the claims which are severed." [*Johnson*, 825 F.Supp.] at 129 (citing *Phillips*, 625 F.2d at 56). The court[, in *Johnson*,] found that all of the requirements were met by an "Agreed Order for Severance of Actions" entered in a state court containing the following provisions:

> (1) the [state] court found that there was no reason to delay the entry of a final judgment in favor of the [non-diverse defendant] based upon the granted motion for summary judgment; (2) the plaintiffs' claims against the non-diverse [defendant] were "severed . . . and made the subject of a separate action" under a new style and with a new cause number; and (3) separate judgments were to be entered in the severed cases, "each judgment to be final and to dispose completely of all issues between all parties in the respective suits."

12

> [825 F.Supp.] at 129-30 (footnote omitted). *Cf. Miller v. Fulton*, 113 F.Supp.2d 1035, 1039 (S.D. Miss. 2000) (holding that a state-court order providing for "severance and separate trials" of claims against a diverse defendant and a non-diverse defendant did not permit removal of a plaintiff's claim against the diverse defendant, where the claims had not been separately docketed in state court and the plaintiff's claim against the non-diverse defendant had been removed together with the claim against the diverse defendant).

476 F.Supp.2d at 1000. (First, second, fifth, sixth, and seventh alterations in original).

Applying the factors outlined in *Vogel* to this case: (1) the severance in state court did not create two separate lawsuits, but instead, created two separate trials in a single lawsuit; (2) Grinnell Select, a non-diverse party, was removed to federal court and is participating in the federal case*, i.e.*, Grinnell Select filed an Answer (Doc. 4) and corporate disclosure statement (Doc. 11); and (3) the state court severance did not result in entirely separate actions with separate judgments for the claims severed. Further, the severed claims were not separately docketed in state court and the claims against the non-diverse party have been removed together with the claims against the diverse parties in federal court. *See Miller*, 113 F.Supp.2d at 1039. Accordingly, because the state district court bifurcated this case rather severing this case into two entirely separate actions, Schemming and Potter Trucking improperly removed this case to federal court, as all the parties are not diverse, that is Grinnell Select is a citizen of Iowa as are Plaintiffs, F&M Bank and John Feddersen. *See* 28 U.S.C. Section 1332(a)(1) ("The district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States"); *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) (explaining that "diversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff") (emphasis in original).

In *Spreitzer Properties, LLC v. Travelers Corp.*, 599 F.Supp.3d 774 (N.D. Iowa 2022), the district court thoroughly set forth the law as it pertains to removal under 28 U.S.C. Section 1441:

> "While [Section] 1332 allows plaintiffs to invoke the federal courts' diversity jurisdiction, [Section] 1441 gives defendants a corresponding opportunity." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89, 126 S.Ct. 606, 163 L.Ed.2d 415 (2005). Section 1441 provides, in pertinent part:
>
> **(a) Generally.**—Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court *of which the district courts of the United States have original jurisdiction*, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.
>
> **(b) Removal based on diversity of citizenship.**—
>
> (1) In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.
>
> (2) A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest *properly joined and served as defendants* is a citizen of the State in which such action is brought.
>
> 28 U.S.C. § 1441(a) & (b) (emphasis added). Section 1441 is a procedural rule and not a jurisdictional provision. *See Holbein v. TAW Enters., Inc.*, 983 F.3d 1049, 1055 (8th Cir. 2020); *Nolan v. Prime Tanning Co.*, 871 F.2d 76, 78 (8th Cir. 1989) (citing *Grubbs v. General Elec. Credit Corp.*, 405 U.S. 699, 702–05, 92 S.Ct. 1344, 31 L.Ed.2d 612 (1972)).
>
> Section 1441(b)(2) is referred to as "the forum defendant rule," and it constitutes a limitation on a defendant's ability to remove a case to federal court. The forum defendant rule limits removals by defendants sued in their own state because the purpose for diversity of citizenship jurisdiction—that a party may not receive a fair shake in another state court—does not exist. . . .

> Courts strictly construe and enforce limitations on removal. *Int'l Ass'n of Entrepreneurs of Am. v. Angoff*, 58 F.3d 1266, 1270 (8th Cir. 1995). It follows that the burden to establish diversity jurisdiction generally, and proper removal specifically, falls upon the party asserting jurisdiction. *See McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182-183, 56 S.Ct. 780, 80 L.Ed. 1135 (1936) (stating that party asserting diversity of citizenship jurisdiction bears the burden); *In re Bus. Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993) ("As the party seeking removal and opposing remand, [defendant] had the burden of establishing federal subject matter jurisdiction.").

*Id*. at 779-80 (alterations in original). Here, Schemming and Potter Trucking have failed to establish diversity jurisdiction and therefore, this matter was improperly removed to federal court. Pursuant to 28 U.S.C. Section 1447(c), "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Accordingly, I recommend that this matter be remanded to the Iowa District Court for Linn County for lack of subject matter jurisdiction.

### III. CONCLUSION

For the foregoing reasons, I respectfully recommend that the District Court **REMAND** this matter to Iowa District Court for Linn County.

The parties must file objections to this Report and Recommendation within fourteen (14) days of the service of a copy of this Report and Recommendation, in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). Objections must specify the parts of the Report and Recommendation to which objections are made, as well as the parts of the record forming the basis for the objections. See Fed. R. Civ. P. 72. Failure to object to the Report and Recommendation waives the right to de novo review by the District Court of any portion of the Report and Recommendation as well as the right to appeal from the findings of fact contained therein. *United States v. Wise*, 588 F.3d 531, 537 n.5 (8th Cir. 2009).

**IT IS SO ORDERED** this 29th day of February, 2024.

_____
Mark A. Roberts, United States Magistrate Judge
Northern District of Iowa