IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| F&M BANK, as agent of Temporary Administrator for the Estate of Linda L. St. John, DARLA GEIN, ROBERT ST. JOHN, and JOHN FEDDERSEN, | No. 23-CV-105-CJW-MAR |
| Plaintiffs, | **ORDER** |
| vs. | |
| ZACHARY SCHEMMING, T.J. POTTER TRUCKING, INC., GRINNELL SELECT INSURANCE COMPANY, and LIBERTY MUTUAL FIRE INSURANCE COMPANY, | |
| Defendants. | |

_____

This matter is before the Court on United States Magistrate Judge Mark A. Roberts' Report and Recommendation ("R&R"). (Doc. 18). The R&R recommends the Court remand this matter to the Iowa District Court for Linn County for lack of subject matter jurisdiction. (Doc. 18). No party has objected to the R&R. The deadline for such objections has expired. (*Id.*, at 15). For the following reasons, the Court **adopts** the R&R in its entirety and **remands** the case to state court.

### I. REVIEW OF REPORT AND RECOMMENDATION

A district judge must review a United States Magistrate Judge's R&R under the following standards:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may

1

accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Thus, when a party objects to any portion of an R&R, the district judge must undertake a de novo review of that portion.

Any portions of an R&R to which no objections have been made must be reviewed under at least a "clearly erroneous" standard. *See, e.g.*, *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that when no objections are filed "[the district court judge] would only have to review the findings of the magistrate judge for clear error."). As the Supreme Court has explained, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985) (alteration in original) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). A district judge may, however, elect to review an R&R under a more-exacting standard even if no objections are filed:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 154 (1985).

## II. THE R&R

On February 29, 2024, Judge Roberts issued his R&R recommending this Court remand the matter to Iowa District Court for Linn County. (Doc. 18). Judge Roberts filed the R&R for this Court's consideration because the state district court's order on defendant's motion to sever resulted in bifurcation of trials, not two separate actions, and therefore there is no federal jurisdiction based on complete diversity of parties. (*Id.*, at

10) (citing *Handley v. Farm Bureau Mut. Ins. Co.*, 467 N.W.2d 247, 249–50 (Iowa 1991)). In his R&R, Judge Roberts applied the factors outlined in *Vogel v. Merck & Co.*, 476 F. Supp. 2d 996, 999–1000 (S.D. Ill. 2007), concerning "whether a state-court severance order has rendered a case removable in diversity," *id.* at 1000, and found:

> (1) the severance in state court did not create two separate lawsuits, but instead, created two separate trials in a single lawsuit; (2) Grinnell Select, a non-diverse party, was removed to federal court and is participating in the federal case, *i.e.*, Grinnell Select filed an Answer (Doc. 4) and corporate disclosure statement (Doc. 11); and (3) the state court severance did not result in entirely separate actions with separate judgments for the claims severed. Further, the severed claims were not separately docketed in state court and the claims against the non-diverse party have been removed together with the claims against the diverse parties in federal court.

(Doc. 18, at 13). Judge Roberts concluded that defendants Schemming and Potter Trucking improperly removed this case to federal court because not all parties are diverse, as both Grinnell Select and plaintiffs are citizens of Iowa. (*Id.*) (citing 28 U.S.C. § 1332(a)(1); *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978)). Accordingly, Judge Roberts recommended this Court remand this matter to the Iowa District Court for Linn County for lack of subject matter jurisdiction. (Doc. 18, at 15). After making his recommendation, Judge Roberts set a fourteen-day deadline for the parties to file objections to the R&R. (*Id.*). Thus, the deadline for the parties to file objections was March 14, 2024.

### III. DISCUSSION

The time to object to the R&R has expired, and no party has filed any objections. Thus, the parties have waived their right to a de novo review of the R&R. *See, e.g.*, *United States v. Newton*, 259 F.3d 964, 966 (8th Cir. 2001) ("Appellant's failure to file any objections waived his right to de novo review by the district court of any portion of the report and recommendation of the magistrate judge as well as his right to appeal from

3

the findings of fact contained therein." (citation and internal quotation marks omitted)). Accordingly, the Court reviewed the R&R for clear error. Judge Roberts applied the appropriate legal standards in considering whether this matter should be remanded to the Iowa District Court for Linn County. (*See* Doc. 18). Based on the Court's review of the record, the Court finds no error—clear or otherwise—in Judge Roberts' recommendation. As such, the Court **adopts** the R&R in its entirety.

## IV. CONCLUSION

For the reasons stated, the Court **adopts** Judge Roberts' R&R (Doc. 18) without modification. *See* 28 U.S.C. § 636(b)(1). In accordance with Judge Roberts' recommendation, the Court **remands** this matter to the Iowa District Court for Linn County for lack of subject matter jurisdiction. (Doc. 18). The Clerk of Court is directed to remand this matter.

**IT IS SO ORDERED** this 10th day of April, 2024.

_____
C.J. Williams, Chief Judge
United States District Court
Northern District of Iowa